Scott, J.
delivered the resolution of the court. The .statute which charged the circuit superiour court with the duty of arraigning and trying offenders, invested it with all the common law powers incident to a court of criminal jurisdiction, and necessary to the discharge of the duty in-joined upon it. There are many offences which can only be tried upon indictments found by a grand jury. It is, moreover, the great instrument for inquiring into infractions of the penal laws, and bringing offenders to trial. The power, then, to procure the attendance of a grand jury, results from the criminal jurisdiction of the court; and had there been no statutory provision procuring the attendance of grand juries, the courts of criminal jurisdiction in this country, would have been invested with the common law powers of the courts of oyer and terminer and jail delivery in England. We are told by lord Hale, that upon the summons of any sessions of the peace, and in cases of commissions of oyer and terminer and jail delivery, “ there goes out a precept either in the name of the king, or of two or more justices of the peace directed to the sheriff,” commanding him to summon a grand jury. “Upon this precept the sheriff is to summon twenty-four or more out of the whole county, namely a considerable number out of every hundred, out of which the grand inquest at the sessions of the peace, oyer and terminer or jail delivery, are taken and sworn, ad inquirendum pro domino rege et corpore comitatus.”—“ The grand inquest returned the first day of the sessions and *647 sworn, commonly serves the whole sessions of the peace, oyer and terminer and jail delivery; yet the court may command another grand inquest to be returned and sworn, , . which is done ordinarily upon two occasions. 1. If before the end of the sessions, the grand jury having brought in all their bills, are discharged by the court, and after that discharge, either some new felony or other misdemeanour is committed, and the party taken and brought into jail; or if after the discharge of the grand inquest, some offender be taken and brought in during the sessions. 2. The second ordinary instance of a new grand jury returned, is upon the statute 3 Hen. 7. ch. 1. namely, a grand inquest impanneled to inquire into the concealment of another grand inquest &c.” 2 Hal. P. C. 154. 156.
In the absence then of all statutory provision on the subject, the courts of criminal jurisdiction in Virginia, might have caused grand juries to be summoned and impanneled whenever and as often as the business before them required. Has that power been taken away by statute ?
We have seen, that by the provisions of the common law, grand juries were summoned previous to the meeting of the court, by precept in the name of the king or two or more justices of the peace. This was anteriour to and independent of any action of the court. The object was to have a grand jury in attendance at the commencement of the term, so that there should be no delay. Over and above this provision, the court had the power, from time to time, to order grand juries to be summoned, as occasion might require. Our statute, which makes it the duty of the sheriff, ex officio, to summon a grand jury to attend on the first day of the term, is a substitute for the precept above mentioned, and could not have been intended to take from the court, the highly convenient power which it otherwise would have possessed.
If, then, the court had the power to discharge an intire jury of qualified persons, and summon another, it certainly *648 could discharge one unqualified member, and substitute another qualified juror in his place.
A§a'n i th's caseJ the grand jury as first impanneled,' was not legally constituted. If it had found the indictment, the want of qualification in the member subsequently withdrawn, might and no doubt would have been pleaded/in abatement; so that, if the doctrine contended for by the defendant should prevail, the swearing of a single unqualified juror would put an end to the business of the grand jury for the whole-term. Such a state of things would not have existed independent of the statute; and the legislature never could have intended, by a simple direction to the sheriff to provide a grand jury at the commencement of the term, to place such a restriction on the powers of the court.
We are all of opinion that the plea ought to be rejected.